UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                      Plaintiff,

     v.

CHRIS KIMBELL,

                      Defendant.

_____

DECISION AND ORDER

19-CR-6007L

      Defendant Chris Kimball ("Kimball") moves (Dkt. #48) through counsel for compassionate release and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The basis for Kimball's motion is of course the public health crisis involving the COVID-19 virus and the pandemic existing throughout the world. Defendant has attached Kimball's medical records from the Bureau of Prisons.

      The Government filed its Response (Dkt. #52) opposing defendant's motion on several grounds. In addition, the United States Probation Office for the Western District of New York filed its Report dated December 7, 2020 (Dkt. #51). That Report describes Kimball's medical status and conditions at FCI Cumberland where Kimball is presently housed.

      First of all, the Government does not dispute that Kimball has exhausted his required administrative remedies and thus, the Court may consider the merits of the motion. In that regard, it is clear that Kimball has the burden to establish that he is entitled to relief. The existence of the present pandemic does not warrant automatic release of those serving significant terms of imprisonment. The fact that a defendant fears that he might contract the disease is generally not

sufficient. Kimball, as the moving party, must show "extraordinary and compelling reasons" for the Court to reduce his 60-month term of imprisonment. At this point, it appears that Kimball has served only approximately 18 months of that sentence.

The Government opposes Kimball's release on several grounds. The Government acknowledges that Kimball does have some medical issues, principally a diagnosis of Human Immunodeficiency Virus ("HIV"). This condition was apparently reported in the original Presentence Report as well. As the Government notes though, it does appear that Kimball is receiving affective HIV treatment. According to the Government's submission, HIV by itself is not one of the serious conditions listed by the Center for Disease Control as posing potential severe illness should the individual contract the COVID-19 virus.

Many inmates have various medical conditions, but they are often treated well with medication, and that appears Kimball's situation with his HIV. It appears to be now well controlled by medication. In fact, the Government notes that lab results at the facility in September 2019 and August 2020 show that the HIV infection is virtually "undetectable." Having the HIV diagnosis in the Court's view is not such an extraordinary or compelling medical reason to reduce the imposed sentence.

Kimball also lists in his motion other conditions. These alleged conditions do not appear to be serious and in some cases, have not been referenced or reported to the Bureau of Prisons. Specifically, the Government points out that although Kimball claims to have COPD, this condition was neither mentioned in the Presentence Report or to the Bureau of Prisons. Also, although complaining of hypertension, it appears that Kimball's blood pressure readings do not appear severe.

At FCI Cumberland, Kimball is classified at a relatively low medical care level: Level 2. Such inmates are deemed to be stable, requiring quarterly clinical evaluation. That Report indicates

that Kimball is being treated for ringworm, dermatitis and opioid abuse in addition to HIV, which is described as asymptomatic. He has been prescribed various medications.

There does appear to have been a number of inmates testing positive at the facility, although there have been no recorded inmate or staff deaths. As noted by the Government, the Bureau of Prisons is taking appropriate steps to deal as best as possible in a prison setting with the virus.

The Court must also consider all the sentencing factors under 18 U.S.C. § 3553(a). Kimball was a significant importer and distributor of a substantial quantity of pure methamphetamine. The Guideline sentence range was significant – 151-188 months imprisonment. Although the Court did impose a more lenient sentence, 60 months, Kimball has only served approximately 18 months of that sentence.

The Presentence Report, the Plea Agreement and the Government's Response to this motion describe in significant detail the numerous packages of methamphetamine received by Kimball during 2018 at the residence to which he now seeks release. During the plea, Kimball acknowledged his intent to distribute quantities of drugs into the Elmira community. This conduct, including Kimball's prior record, suggests that the Section 3553(a) factors also do not support Kimball's present motion for early release.

In sum, after considering all the matters submitted on this motion, as well as pleadings filed in the case, I conclude that Kimball has failed to carry his burden of demonstrating extraordinary and compelling reasons for this Court to reduce the rather lenient sentence the Court imposed in June 2019.

## CONCLUSION

Defendant's Chris Kimball's motion (Dkt. #48) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 21, 2021.